# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-757V
### Filed: July 12, 2024

|  |  |
|---|---|
| DEREK GRACE,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

## ORDER ON MOTION TO REDACT[1]

On May 29, 2018, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10, *et seq.* (2012),[2] alleging that an influenza ("flu") vaccination he received on November 9, 2016, caused him to develop IgA vasculitis or Henoch-Schonlein purpura ("HSP").  (ECF No. 1, pp. 1-2; ECF No. 9, pp. 1-2.)  On May 28, 2024, a decision was issued dismissing the case.  (ECF No. 81.)  Petitioner now moves to redact that decision.  For the reasons discussed below, petitioner's motion is **DENIED.**

### I.  **Legal Standard**

Vaccine Rule 18(b) effectuates the opportunity for objection contemplated by Section 12(d)(4) of the Vaccine Act, which provides, in relevant part,

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citation to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

A decision of a special master or the court in a proceeding shall be disclosed, except that if the decision is to include information--

. . . .

(ii) which are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy,

and if the person who submitted such information objects to such information in the decision, the decision shall be disclosed without such information.

§ 300aa-12(d)(4)(B).  The U.S. Court of Appeals for the Federal Circuit has not had occasion to interpret this section of the Vaccine Act.  There are, instead, two competing methods of interpretation endorsed by different decisions in the lower courts.  *See Langland ex rel. M.L. v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011); *W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440 (2011).

In *Langland*, the Chief Special Master examined a redaction request pursuant to Section 12(d)(4)(B) in the context of the common law traditions regarding redaction and public access, the E-Government Act, and other provisions of the Vaccine Act favoring public disclosure.  2011 WL 802695, at *5-8.  The Chief Special Master concluded that "the party seeking to seal a document faces a burden to show particularized harm outweighing the public interest in disclosure.  This common law background informs the correct construction of the language in section 12(d)(4)(B)(ii), and militates against routine redaction of all sensitive medical information from special masters' decisions." *Id.* at *8.  Upon review of the redaction request at issue, the Chief Special Master concluded that the request was unsupported and only a redaction of the petitioner's minor child's name to initials and redaction of the child's date of birth was appropriate. *Id.* at *11.

However, the Chief Special Master also observed that:

One may readily conceive of medical information in a vaccine case that might be redacted by a special master, upon receiving a proper motion in accordance with Vaccine Rule 18(b), as meeting the 'clearly unwarranted' criterion.  Facts involving sexual misconduct or dysfunction, family medical history not pertinent to the vaccinee's claim, unrelated mental illness, or medical conditions inherently likely to bring opprobrium upon the sufferer, might well be redacted upon a proper motion.  Such redaction decisions can only be reached on a case-by-case basis.

*Id.* at *9 (footnote omitted).

Subsequently, in *W.C.*, the Court of Federal Claims reviewed a redaction request in the context of the Freedom of Information Act (FOIA), which the court observed to employ language similar to Section 12(d)(4)(B) of the Vaccine Act.  100 Fed. Cl. at 458. The court focused on the idea that petitioner's request "must be weighed against the government's interest in public disclosure."  *Id.* at 460-61.  Focusing specifically on the identity of the petitioner, the court observed that it is the petitioner's medical history and adverse vaccine reaction, and not petitioner's own specific identity, that the public has an interest in seeing disclosed.  *Id.*

*W.C.* has been interpreted as providing a more lenient standard for redaction as compared to *Langland*.  *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, 123 Fed. Cl. 497, 507 (2015) (noting that the Special Master below "argued that even when a Special Master follows the lenient standard for redaction set forth in *W.C.*, requests for redaction have been denied because they failed to substantiate the basis for the request"). Nonetheless, special masters do not abuse their discretion by requiring petitioners to affirmatively demonstrate that redaction is justified regardless of which approach is preferred.  *Id.* at 507-08 (finding that the special master's requirement that petitioner provide "sufficient cause to justify redaction" is not contrary to the Vaccine Act or prior precedent and explaining that "[e]ach Special Master must review every case and exercise his or her discretion, given the specific facts presented in that particular case").

## II.    Party Contentions

In his motion, petitioner requests that his identifying information be removed from the decision.  (ECF No. 82.)  Petitioner argues that "understandably goes into detail regarding Petitioner's life and medical information that was relevant to the Court's task of determining entitlement; however, Petitioner feels the issuance of the public decision with his identity intact would be considered invasive and an unwarranted invasion of his privacy."  (*Id.* at 2.)  Petitioner acknowledges that, as an adult petitioner, his name is not captioned by his initials as a matter of course and he must make a showing that establishes grounds for redaction.  (*Id.* at 2-3.)  Petitioner notes, for example, that redaction of identifying information has been granted where disclosure of medical information may affect employment opportunities.  (*Id.* at 3.)  Stressing the above-discussed *W.C.* decision, petitioner asserts that, although there is public interest in the substantive details of the case, there is not any public interest in knowing his own identity.  Thus, a balancing of interests favors the requested redaction.  (*Id.* at 3-4.)

In response to petitioner's motion, respondent provided a recitation of the relevant case law, namely a comparison of the above-discussed *Langland* and *W.C.* decisions.  (ECF No. 83, pp. 2-3.)  However, citing the language of the Vaccine Act indicating that decision of special masters "shall be disclosed" (§ 300aa-12(d)(4)(B)),

respondent stresses that "when petitioners file petitions requesting compensation under the Act, they do so with knowledge that the Act calls for decisions addressing the merits of the petitions, which will necessarily contain their medical information and will be made available to the public." (*Id.* at 4.) Respondent continues:

> Congress's requirement that decisions of special masters 'shall be disclosed' is evidence that Congress recognized the public's interest in understanding the bases for the special masters' adjudication of the merits of these claims. Respondent likewise acknowledges that there is a privacy interest inherent in all medical information. Yet, the Vaccine Act's use of the term 'clearly unwarranted invasion of privacy' to define which information is suitable for redaction requires a petitioner to show some additional privacy interest to justify redaction of a decision. Without such a showing, redaction is not appropriate.

(*Id.*)

Nonetheless, respondent "defers to the sound discretion of the Court to determine which remedy strikes the appropriate balance between the public and private interests in this instance." (ECF No. 83, p. 5.) "Respondent does not believe it is appropriate to advocate in favor of disclosure of petitioner's information in any particular case, including this one, but rather defers to the Court's judgment as to whether petitioner's Motion should be granted, applying the analytical framework discussed above." (*Id.*)

Petitioner filed no reply.

## III.   Discussion

The decision at issue does not include any inherently sensitive subject of the type discussed in *Langland*, *supra*. Additionally, despite acknowledging the need to substantiate his redaction request, petitioner does not advance any argument that the specific details of his medical history support redaction. Petitioner references prior cases in which employment prospects have been factored into the redaction analysis; however, he does not actually assert that disclosure of his medical information will affect his employment. Petitioner explained in his prior damages affidavit that he is self-employed as a home inspector. (Ex. 15, p. 3.) While he alleged missing some time from work, he never alleged that his vaccine injury prevents him from engaging in this profession. (*Id.* at 3-4.)

Rather, petitioner simply objects in a blanket fashion to disclosure of his medical information. While that objection is certainly understandable, absent articulation of some more detailed interest in redaction, I do not find that publication of the decision in this case rises to the level of a clearly unwarranted invasion of privacy. Indeed, if the

nature of this petitioner's allegations and the content of this decision were sufficient to warrant redaction, then virtually every case would have its caption redacted.

Respondent is also persuasive in noting that the type of disclosure petitioner wishes to avoid is an expected part of this program's petition process. It therefore does not in itself constitute a "clearly unwarranted" invasion of petitioner's privacy. Even if I granted the relief requested, petitioner's full name will still appear in the Federal Register as having filed this petition in the program. § 300aa-12(b)(2). Thus, a sufficiently motivated individual would still be able to link petitioner's name to his claim in the program and, ultimately, the decision dismissing his case. Indeed, consistent with respondent's broader discussion within his motion response, this provision of the Vaccine Act requiring publication of a notice of each petition, especially when read in conjunction with the "clearly unwarranted" language of Section 12(d)(4)(B), underscores that the statute did not contemplate affording petitioners anonymity as a matter of course.

## IV.    Conclusion

There can be no question that publication of the decision at issue constitutes some intrusion into petitioner's privacy. The question to be resolved, however, is whether that intrusion is "clearly unwarranted." In that regard, petitioner's motion has failed to provide justification for redaction consistent with the above-discussed legal standard. While I sympathize with petitioner's desire for privacy, he has failed to substantiate that a balancing of the relevant considerations counsels any redactions to the decision dismissing his petition. Accordingly, in light of all of the above, petitioner's motion is **DENIED**.

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master