# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-757V
### Filed: August 13, 2025

|  |  |
|---|---|
| DEREK GRACE, <br><br>                 Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>                 Respondent. | Special Master Horner |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Voris Edward Johnson, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 29, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) ("Vaccine Act")[2], alleging that an influenza ("flu") vaccination that he received on November 9, 2016, caused him to develop IgA vasculitis or Henoch-Schonlein purpura ("HSP"). (ECF Nos. 1, 9.)  On May 28, 2024, the undersigned issued a decision concluding that petitioner was not entitled to compensation for his injuries. (ECF No. 81.)  Petitioner filed a motion for final attorneys' fees and costs on November 27, 2024. (ECF No. 90; Exs. 60-64.)  Petitioner requests a total of $171,160.65 in attorneys' fees and costs, including $158,128.90 in attorneys' fees and $13,031.75 in costs. (ECF No. 90, pp. 1-2.)

In response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

attorneys' fees and costs." (ECF No. 91, p. 1.) Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." (*Id.* at 2.) Respondent requests that the court exercise discretion and determine a reasonable award for attorneys' fees and costs. (*Id.* at 4.) Petitioner filed a reply further supporting his request. (ECF No. 92.)

## I.  Attorneys' Fees

The Vaccine Act permits an award of reasonable attorneys' fees and costs, § 300aa-15(e), and the Federal Circuit has approved the lodestar approach to determine what constitutes a reasonable award. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").

Special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 486 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests[,] . . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). However, "[t]he failure of respondent to identify with particularity any objection to a request for attorneys' fees and costs may be taken into consideration by the special master in the decision." Vaccine Rule 13(a)(3).

A. Hourly Rates

Petitioner requests the following rates for their attorneys at Maglio Christopher & Toale ("mctlaw"): for Ms. Diana Stadelnikas, $372.00 per hour for work completed in 2017, $396.00 per hour for work completed in 2018, $415.00 per hour for work completed in 2019, $440.00 per hour for work completed in 2020, $470.00 per hour for work completed in 2021, $490.00 per hour for work completed in 2022, $525.00 per hour for work completed in 2023, and $560.00 per hour for work completed in 2024; for Mr. Altom Maglio, $362.00 per hour for work completed in 2017, $381.00 per hour for work completed in 2018, and $420.00 per hour for work completed in 2020; for Ms. Danielle Strait, $450.00 per hour for work completed in 2023; for Ms. Jennifer Maglio, $525.00 per hour for work completed in 2024; and for Ms. Jessica Olins, $160.00 per hour for work completed in 2017 and $184.00 per hour for work completed in 2018.

(Ex. 60, p. 43.)  The requested rates are consistent with what mctlaw has previously been awarded for their work in the Vaccine Program and the undersigned finds them to be reasonable herein.  *E.g.*, *Compton v. Sec'y of Health & Human Servs.*, No. 19-1455V, 2024 WL 4044268, at \*2 (Fed. Cl. Spec. Mstr. May 17, 2024); *Huerta v. Sec'y of Health & Human Servs.*, No. 21-2100V, 2024 WL 1859820, at \*3 (Fed. Cl. Spec. Mstr. Apr. 4, 2024); *Kalajdzic v. Sec'y of Health & Human Servs.*, No. 17-792V, 2024 WL 4792856, at \*3 (Fed. Cl. Spec. Mstr. Oct. 15, 2024); *Campbell v. Sec'y of Health & Human Servs.*, No. 16-996V, 2019 WL 5887031, at \*3 (Fed. Cl. Spec. Mstr. Oct. 21, 2019); *Crespo v. Sec'y of Health & Human Servs.*, No. 15-1100V, 2018 WL 3991263, at \*2 (Fed. Cl. Spec. Mstr. July 5, 2018).  Additionally, petitioner requests hourly rates for paralegals who completed work on this matter.[3]  These requested rates are also reasonable and consistent with what mctlaw has previously been awarded for paralegal work.  *E.g.*, *Kriebel v. Sec'y of Health & Human Servs.*, No. 21-1491V, 2025 WL 1235136, at \*2 (Fed. Cl. Spec. Mstr. Apr. 1, 2025); *Compton*, 2024 WL 4044268, at \*2 n.4; *Zeisler v. Sec'y of Health & Human Servs.*, No. 21-1184V, 2024 WL 4044005, at \*2 n.3 (Fed. Cl. Spec. Mstr. May 22, 2024); *Cain v. Sec'y of Health & Human Servs.*, No. 17-264V, 2022 WL 1299129, at \*2 (Fed. Cl. Spec. Mstr. Apr. 5, 2022).

Petitioner also requests a rate of $150.00 per hour for work Ms. Jessica Olins performed in 2017 as a law clerk. (Ex. 60, p. 43.)  However, other special masters have rejected this requested rate as it is outside the appropriate range for work performed by non-attorneys as provided by the 2017 Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule, and have accordingly reduced her rate to 148.00 per hour for work performed as a law clerk in 2017.[4]  *E.g.*, *Moore v. Sec'y of Health & Human Servs.*, No. 15-1368V, 2018 WL 3991221, at \*4 (Fed. Cl. Spec. Mstr. June 13, 2018); *Thompson v. Sec'y of Health & Human Servs.*, No. 13-921V, 2017 WL 6759026, at \*3 (Fed. Cl. Spec. Mstr. Dec. 13, 2017).  Accordingly, Ms. Olins will be reimbursed at a rate of $148.00 per hour for work she completed on this matter as a law clerk in 2017.

---

[3] Specifically, Amy Semanie and Dashea King billed $145.00 per hour for work completed in 2020 and $155.00 per hour for work completed in 2021.  Elyssa Estrella billed $160.00 per hour for work completed in 2020, $165.00 per hour for work completed in 2021, $170.00 per hour for work completed in 2022, and $180.00 for work completed in 2023.  Jakari Enninful and Liya Mogese billed $145.00 per hour for work completed in 2017.  Katherine Ochoa Castillo billed $154.00 per hour for work completed in 2019.  Kendall Wallin billed $180.00 per hour for work completed in 2023 and $190.00 per hour for work completed in 2024.  Kimberly Dutra billed $145.00 per hour for work completed in 2017, $148.00 per hour for work completed in 2018, $154.00 per hour for work completed in 2019, and $170.00 per hour for work completed in 2022.  Lindsay Wilkinson billed $160.00 per hour for work completed in 2021 and 2022, and $170.00 per hour for work completed in 2023.  Makia Walker billed $165.00 per hour for work completed in 2021.  Tammie Adeyanju billed $148.00 per hour for work completed in 2018, $154.00 per hour for work completed in 2019, $160.00 per hour for work completed in 2020, $165.00 per hour for work completed in 2021, and $170.00 per hour for work completed in 2022.  Tara Thorn billed $145.00 per hour for work completed in 2017, $148.00 per hour for work completed in 2018, and $165.00 per hour for work completed in 2021.  (Ex. 60, pp. 43-44.)

[4] The Fee Schedule for 2017 can be accessed at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

This results in a reduction in attorneys' fees of $11.20, from $158,128.90 to $158,117.70.

    B. Reduction in Hours Expended

      Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include hours that are "excessive, redundant, or otherwise unnecessary" in their fee applications. *Saxton*, 3 F.3d at 1521. In reducing an award of fees, the essential goal is to achieve "rough justice." *Florence v. Sec'y of Health & Human Servs.*, No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016). Therefore, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allotting an attorney's time." *Id.* (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)).

      After reviewing the submitted billing records, the undersigned finds that a small reduction in the requested fees is necessary for several specific reasons. First, I find that some of the billing entries appear to be duplicative and excessive, with Ms. Stadelnikas and a paralegal both billing for the same task, including reviewing the same order or filing.[5] Second, Ms. Stadelnikas billed for intra-office communication with various paralegals, and some of those intra-office communications are duplicative or excessive.[6] Lastly, there are several billing entries by various paralegals for administrative tasks, such as preparing exhibits for filing, which have been found to be non-compensable in the Vaccine Program.[7] *See, e.g.*, *McCulloch v. Sec'y of Health &*

---

[5] For example, on June 8, 2018, Ms. Stadelnikas billed 0.1 hours for "Review order regarding attorneys fees" and another 0.1 hours for "Review initial order. Update litigation notes." (Ex. 60, p. 8.) However, a paralegal also billed 0.2 hours on June 8, 2018 for "Review Order Regarding Attorneys Fees and Costs, Scheduling Order, and Initial Order, update file accordingly." (*Id.*) On September 24, 2018, Ms. Stadelnikas billed 0.1 hours for "Review order, scheduling order. Update litigation notes" and a paralegal also billed 0.2 hours for "Review and analyze Court Order for action items, update case deadlines." (*Id.* at 9.) On January 22, 2019, Ms. Stadelnikas billed 0.3 hours for "Review status of records. Draft status report" and a paralegal billed 0.2 hours for "Review upcoming deadline and draft status report." (*Id.* at 10.) On August 28, 219, Ms. Stadelnikas billed 0.1 hours for "Review notice, update litigation outline" and a paralegal billed 0.1 hours for "Review Notice of Assignment. Update file accordingly." (*Id.* at 13.) On January 17, 2020, Ms. Stadelnikas billed 0.2 hours for "Review Respondent's status report, update litigation outline" and a paralegal billed 0.1 hours for "Review and analyze status report for action needed, update case deadlines." (*Id.* at 15.) These examples indicate various entries that are duplicative and excessive, however, this list is not exhaustive.

[6] For example, Ms. Stadelnikas billed for "Send correspondence to paralegal" and "Draft correspondence to paralegal" on numerous instances. (Ex. 60, pp. 1-44.) Ms. Stadelnikas also billed for "Advise paralegal" on numerous occasions. (*Id.*) Additionally, on June 29, 2022, both Ms. Stadelnikas and a paralegal billed 0.2 hours for a meeting regarding the status of medical records and entitlement hearing preparations. (Ex. 60, p. 33.) These examples indicate various billing entries relating to intra-office communications that are excessive or duplicative, however, this list is not exhaustive.

[7] For example, a non-exhaustive list of these entries includes: "Review exhibits 16-27 and prepare for filing. Update file" on December 16, 2019; "Analyze updated medical records from Wright Patterson AFB Medical Center for completeness and prepare same for filing" on September 22, 2020; "Analyze updated medical records from Cleveland Clinic for completeness and prepare same for filing" on September 29,

*Human Servs.*, No. 09-293V, 2015 WL 5634323, at *26 (Fed. Cl. Spec. Mstr. Sept. 1, 2015); *Paul v. Sec'y of Health & Human Servs.*, No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); *see also Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989). The undersigned has cautioned mctlaw against engaging in these billing practices and reduced fee awards accordingly in prior decisions. *E.g., Fouch v. Sec'y of Health & Human Servs.*, No. 13-799V, 2020 WL 5627281, at *5-6 (Fed. Cl. Spec. Mstr. Aug. 25, 2020). Considering all of the above, the undersigned finds that a 2% reduction to the requested attorneys' fees is reasonable and appropriate. This results in a reduced fee award of 154,955.35.[8]

## II.  Attorney Costs

Petitioner requests an award of $13,031.75 in costs incurred by counsel, representing $10,625.00 in expert fees and $2,406.75 in expenses for obtaining medical records, purchasing medical literature, the Court's filing fee, and mailing costs. (Ex. 61, pp. 1-3.) Petitioner represents that he did not incur any personal costs in the litigation of this matter. (Ex. 62, p. 1.)

### A.  Expert Fees

Expert work in this program is also assessed using the lodestar method. *Avera*, 515 F.3d at 1347 (applying the lodestar approach to the Vaccine Act); *Chevalier v. Sec'y of Health & Human Servs.*, No. 15-001V, 2017 WL 490426, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017) (citing *Avera* and applying the lodestar calculation to both attorneys' fees and expert costs). Generally, expert hourly rates are based on a number of factors, many of which touch broadly on qualifications and on the market for the relevant expert services, but which also include "the nature, quality, and complexity of the information provided" by the expert, as well as "any other factor likely to be of assistance to the court in balancing the interests" at stake. *Aycock v. Sec'y of Health & Human Servs.*, No. 19-235, 2023 WL 8869423, at *7 (Fed. Cl. Spec. Mstr. Nov. 8, 2023) (citing *McClain v. Owens-Corning Fiberglass Corp.*, No. 89 C 6226, 1996 WL 650524, at *3 (N.D. Ill. Nov. 7, 1996)); *see also Wilcox v. Sec'y of Health & Human Servs.*, No. 90-991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997).

In this case, petitioner's rheumatology expert, Dr. Lindsay Lally, submitted four expert reports. (Exs. 16, 29, 44, 49.) Petitioner requests $10,625.00 for 21.25 hours of work performed by Dr. Lally. (Ex. 61, pp. 1-2, 34, 55, 64, 70.) Dr. Lally billed petitioner

---

2020; "Analyze medical and billing records from Syracuse Orthopedic for completeness and prepare same for filing" on October 22, 2020; "Analyze medical records from Associated Gastroenterologist of CNY, PC for completeness and prepare same for filing" on October 26, 2020; "Analyze medical records from OSU Histology Lab for completeness and prepare same for filing" on November 4, 2020; "Analyze medical records from Beavercreek Dermatology for completeness and prepare same for filing" on January 13, 2021; and "Analyze medical records from Brigham and Women's Hospital - Division of Rheumatology, Immunology and Allergy for completeness and prepare same for filing." (Ex. 60, pp. 1-44.)

[8] Given the reduction with respect to the hourly rate requested for the law clerk in 2017, this reduction is calculated from the reduced amount of $158,117.70.

at a rate of $500.00 per hour, which is consistent with the rate Dr. Lally has been awarded in prior decisions for her work in the Program.  *E.g.*, *Scheffler v. Sec'y of Health & Human Servs.*, No. 19-260V, 2022 WL 16580270, at *6 (Fed. Cl. Spec. Mstr. Oct. 3, 2022).  Moreover, the undersigned finds the total amount of hours billed by Dr. Lally to be appropriate and reasonable given the tasks she performed.  Accordingly, petitioner is awarded Dr. Lally's expert fees in full.

### B.  Other Costs

I have reviewed the remainder of the costs requested and find that the majority are reasonable and sufficiently documented.  (*See* Ex. 61.)  However, petitioner's cost invoice indicates that two articles of medical literature were purchased from Elsevier Inc. on December 14, 2019.  (Ex. 61, p. 2.)  However, review of the two receipts provided indicate that the receipts are duplicates for the purchase of the following article: *Chronologic Order of Appearance of Immune-Mediated Inflammatory Diseases Relative to Diagnosis of Psoriasis*, with the same order identification number.  (*Id.* at 38, 40.)  Accordingly, petitioner will not be reimbursed for the second entry for the purchase of this article.  As a result, $35.95 will be deducted from the total costs awarded.

Accordingly, the undersigned awards petitioner costs in the amount of $12,995.80.

### III.  Conclusion

**Accordingly, petitioner is awarded attorneys' fees and costs in the total of $167,951.15 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

<u>**s/Daniel Horner**</u>
Daniel Horner
Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.